COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Daniel Augusta Rice v. The State of Texas

Appellate case number:    01-17-00391-CR

Trial court case number:   13-DCR-062931A

Trial court:               400th District Court of Fort Bend County

A jury convicted appellant, Daniel Augusta Rice, of the felony offense of aggravated assault with a deadly weapon and the trial court assessed his punishment at confinement for thirteen years. Appellant timely filed a notice of appeal. The complete record was filed in this appeal on August 22, 2017, and appellant's brief was due on September 21, 2017. *See* TEX. R. APP. P. 38.6(a). On September 28, 2017, the Clerk of this Court notified appellant that the time for filing his brief had expired and, unless the Court received appellant's brief or a motion for extension of time by October 9, 2017, the Court might be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant has not filed a brief or a motion for an extension of time.

Further, the Clerk of this Court has examined the clerk's record and found that it does not comport with the Texas Rules of Appellate Procedure in that it does not include a copy of the trial court's certification of appellant's right of appeal. *See id.* 25.2(d), 34.5(a)(12), 37.1. This order constitutes notice to all parties of the defective certification.

Accordingly, the trial court shall immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office and appellant's counsel, Wilvin Carter, shall be present. *See id.* 37.1, 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the

The trial court is directed to:

(1)    execute a certification of appellant's right to appeal, indicating whether appellant has the right to appeal;

(2)    determine whether appellant wishes to prosecute the appeal;

(3)    if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Wilvin Carter of his duties as appellant's counsel;

(4)    if good cause exists, enter a written order relieving Wilvin Carter of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(5)    if good cause does not exist, set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(6)    make any other findings and recommendations the trial court deems appropriate; and

(7)    enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2016); TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1., 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 30 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's certification of appellant's right of appeal, orders, findings, and recommendations with this Court within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature:  /s/ Russell Lloyd
                          ☑ Acting individually     ☐ Acting for the Court

Date:  October 19, 2017

---

State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.